**Johnny Bruce BRINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57071.**

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 20, 1978.

Ronald W. Chapman, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve J. Wilensky and Will Wilson, Asst. Dist. Attys., Dallas, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for driving while intoxicated.[1] The appellant pleaded guilty and after a jury trial the jury assessed the appellant's punishment at two years' confinement in the Dallas County jail and a five hundred dollar fine.

The appellant contends that the jury never returned a verdict of guilty, that the trial judge improperly allowed the State to reopen, and that the trial judge should have assessed punishment. We affirm.

The record reflects that on the evening of March 21, 1976, the appellant was stopped for running a red light. The appellant was subsequently arrested for driving while intoxicated. The appellant's first contention is that the jury never returned a verdict of guilt.

Article 37.01, Vernon's Ann.C.C.P., states that "[a] 'verdict' is a written declaration by a jury of its decision of the issue submitted to it in the case." The jury was charged that "you are instructed to find the Defendant [appellant] guilty as charged in the Information." However, the following verdict, according to the appellant, is not a verdict of guilt:

> "We, the jury having heretofore found the Defendant guilty, as charged in the Information, assess the Defendant's punishment at a fine of $500 and confinement in the County Jail for 2 years.
>
> /s/ Ronald K. Laster
> FOREMAN"

The appellant argues that the word "heretofore" renders the verdict insufficient.

It is well established that a plea of guilty before a jury admits all the elements of the offense. *Gates v. State*, 543 S.W.2d 360 (Tex.Cr.App.1976); *Brown v. State*, 507 S.W.2d 235 (Tex.Cr.App.1974); *Burks v. State*, 145 Tex.Cr.R. 15, 165 S.W.2d 460 (1942). Where a defendant pleads guilty before a jury, "the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. Thus, a plea of guilty before a jury . . . is conclusive as to the

1. Vernon's Ann.Civ.St., Article 6701*l*–1.

defendant's guilt." *Brown v. State*, 487 S.W.2d 86 (Tex.Cr.App.1972); *Brown v. State*, 507 S.W.2d 235 (Tex.Cr.App.1974).

Therefore, in all cases where a defendant enters a plea of guilty before a jury, no issue of the defendant's guilt is submitted to the jury. *Brown v. State*, 507 S.W.2d 235 at 238 (Tex.Cr.App.1974). Thus, since a verdict is "a written declaration by a jury of its decision of the issue submitted to it in the case," but the issue of guilt is not submitted to a jury when a defendant has pleaded guilty before it, a jury does not return a *verdict of guilt* in such a situation. We therefore conclude that the appellant's contention is utterly without merit and is overruled.

■ Moreover, it is well established that a verdict will be upheld as sufficient if its meaning can be reasonably ascertained from the words used. *Batten v. State*, 549 S.W.2d 718 (Tex.Cr.App.1977); *Peterson v. State*, 508 S.W.2d 844 (Tex.Cr.App.1974). In the present case the intention of the jury is clear.[2] No error is shown. The appellant's first contention is overruled.

■ The appellant's second contention is that the trial judge abused his discretion by allowing the State to reopen after the appellant had rested. The appellant relies on Article 36.02, Vernon's Ann.C.C.P., which states:

> "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice."

On January 7, 1977, the appellant entered a plea of guilty. After the State presented its evidence and rested its case in chief, the defense rested without presenting any evidence. The prosecutor then requested "a short recess in order to process some papers." The appellant then objected to "the State being allowed to offer any further testimony or evidence for any further purposes in this case other than rebuttal." The trial judge overruled the objection.

The appellant then stipulated that he was the same Johnny Bruce Brinson in Cause Nos. C721594, C727688ML, C727689ML, C748008IK, and C749761HK. The prosecutor then offered State's Exhibits 3 through 7, which consisted of the judgments in the above numbered causes, into evidence.[3] The appellant specifically stated that he had no objections to the introduction of State's Exhibits 3 through 7.

The appellant subsequently stated for the record that since the trial judge had overruled his objection to the State's reopening he was going to testify in his own behalf. The appellant testified that he had committed the five felony offenses, but he also attempted to explain the sequence in which they occurred and the circumstances surrounding them.

Initially, we note that the appellant failed to object when the prosecutor offered State's Exhibits 3 through 7 into evidence. Also, the appellant specifically stated that he had no objection to the exhibits when they were offered. See *McGrew v. State*, 523 S.W.2d 679 (Tex.Cr.App.1975). Nothing is presented for review.

■ However, even assuming that the appellant had preserved error, we cannot perceive how the trial judge abused his discretion. The appellant had filed his sworn application for misdemeanor probation. The five prior felony convictions were relevant to the issue of whether the jury should recommend probation. The trial judge's action in allowing the prosecutor to reopen appears to us to have been necessary

---

2. Compare the verdict forms used in *Batten v. State*, 549 S.W.2d 718, 719 (Tex.Cr.App.1977) and *Taylor v. State*, 549 S.W.2d 722, 723 (Tex. Cr.App.1977).

3. The judgments revealed that the appellant had been convicted of five felony offenses.

to a due administration of justice.[4] No abuse of discretion is shown. Appellant's second contention is overruled.

■ The appellant's final contention is that the trial judge, not the jury, was required to assess the appellant's punishment. The appellant relies upon Article 27.02(7), Vernon's Ann.C.C.P., which states that:

"Art. 27.02. Defendant's Pleadings

"The pleadings and motions of the defendant shall be:

* * * * * *

"(7) An election, if any, to have the jury assess the punishment if he is found guilty . . . ."

The appellant's contention, however, is controlled by Article 27.14, Vernon's Ann.C. C.P.,[5] which states:

"Art. 27.14. Plea of Guilty or Nolo Contendere in Misdemeanor

"A plea of 'guilty' or a plea of 'nolo contendere' in a misdemeanor case may be made either by the defendant or his counsel in open court; in such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon or without evidence, at the discretion of the court. In a misdemeanor case arising out of a moving traffic violation for which the maximum possible punishment is by fine only, payment of a fine, or an amount accepted by the court constitutes a finding of guilty in open court, as though a plea of nolo contendere had been entered by the defendant."

Article 27.14, Vernon's Ann.C.C.P., expressly provides that a defendant or his counsel may "waive a jury."[6] Thus, since the record does not reflect that the appellant waived his right to trial by jury, the trial judge properly impaneled a jury. See *Dickson v. State*, 492 S.W.2d 267 (Tex.Cr.App. 1973). No error is shown and the appellant's third contention is overruled.[7]

The judgment is affirmed.

---

4. Due to our disposition of this ground of error, it is unnecessary to address the appellant's contention that the record must contain proof that the additional evidence "is necessary to a due administration of justice."

5. Article 27.14, Vernon's Ann.C.C.P., was recently amended. See Acts 1977, 65th Leg., ch. 858, Section 1, p. 2143. It became effective on June 16, 1977. The trial of this cause was on January 7, 1977.

6. We note that there is no requirement that the waiver comport with the requirements of Article 1.13, Vernon's Ann.C.C.P., which states:

"The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him."

See *Ex Parte Ross*, 522 S.W.2d 214, 222, n. 11 (Tex.Cr.App.1975).

7. There is another reason why this contention must be overruled. By filing his sworn application for probation, the appellant indicated to the court that he desired to have the jury assess punishment. Art. 37.07, Sec. 2(b), Vernon's Ann.C.C.P.; *Palasota v. State*, 460 S.W.2d 137 (Tex.Cr.App.1970); *White v. State*, 478 S.W.2d 506 (Tex.Cr.App.1972).

Contrast *Gibson v. State*, 549 S.W.2d 741 (Tex.Cr.App.1977). There the accused filed two written requests specifically asking that the court assess punishment, as well as an application for probation. The trial judge in *Gibson* specifically overruled the two requests for judicial assessment of punishment.