In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00104-CR
______________________________


MERLEY WALTERS, III, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 21122


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Merley Walters, III, appellant, has filed with this Court a motion to dismiss his appeal. The
motion is signed by Walters and by his counsel in compliance with Tex. R. App. P. 42.2(a). As
authorized by Rule 42.2, we grant the motion. See Tex. R. App. P. 42.2.
            Accordingly, we dismiss the appeal.
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          June 20, 2006
Date Decided:             June 21, 2006

Do Not Publish


Gregg County, Texas
Trial Court No. 30125-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Kelly Edward Carter pled guilty before a jury to the offense of indecency with a child
by contact. The trial court instructed the jury to find Carter guilty. The jury found Carter
guilty, as instructed, and then assessed his punishment at twenty years' imprisonment and
a fine of $10,000.00. The trial court sentenced Carter in accordance with the jury's verdict. 
          Carter appeals, alleging five points of error: 1) the trial court erred in not
suppressing a written statement given by Carter to police; 2) the trial court erred in finding
that Carter entered his plea of guilty voluntarily; 3) Carter's trial counsel was ineffective for
failing to introduce to the jury evidence of Carter's alleged mental deficiency; 4) Carter's
sentence of twenty years' imprisonment and fine of $10,000.00 is cruel and unusual
punishment, in violation of the Eighth Amendment to the United States Constitution; and
5) the Texas Rules of Appellate Procedure governing the procedure for pursuing a motion
for new trial, perfecting an appeal, and acquiring the record of trial proceedings are
unconstitutional. We overrule these contentions and affirm the judgment.
Motion To Suppress
          Carter contends the trial court erred in overruling his motion to suppress his written
statement because it was not made knowingly and voluntarily. However, a guilty plea to
a felony offense entered before a jury admits all elements of the offense charged and is
conclusive as to the defendant's guilt. Brinson v. State, 570 S.W.2d 937, 938–39 (Tex.
Crim. App. [Panel Op.] 1978). Thus, the judgment of guilt in this case was based on
Carter's plea of guilty before the jury and was rendered independent of, and is not
supported by, any alleged error in the trial court's ruling on Carter's motion to suppress. 
See Simpson v. State, 67 S.W.3d 327, 329–30 (Tex. App.—Texarkana 2001, no pet.).           Because Carter's guilty plea to the jury waived any error in the trial court's ruling on
Carter's motion to suppress, we overrule his first point of error. 
Voluntariness of Plea
          Carter contends that he did not knowingly and voluntarily enter his plea of guilty and
that, therefore, the trial court erred in accepting the plea. We review the voluntariness of
a plea of guilty by examining the record as a whole and considering the plea in the totality
of the circumstances. Griffin v. State, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986). 
          Carter predicates his argument on his assertion he was mentally incompetent to
enter a plea before the trial court. A person is presumed to be competent to stand trial
unless proven incompetent. Tex. Code Crim. Proc. Ann. art. 46B.003 (Vernon Supp.
2004–2005). A person is incompetent to stand trial if that person lacks "sufficient present
ability to consult with [that] person's lawyer with a reasonable degree of rational
understanding; or . . . a rational as well as factual understanding of the proceedings against
[that] person." Id.
          The trial court appointed a medical doctor to examine Carter and report on his
competency to stand trial. The letter report filed by Dr. John Hall


 states that Hall found
Carter to "have sufficient present ability to consult with his lawyers with a reasonable
degree of rational understanding and [to] have a rational as well as factual understanding
of the proceedings against him. He is not mentally ill." The report further states, "it was
my opinion that [Carter] could assist his counsel in his defense and had a realistic
understanding of the charges against him." The trial court cited the doctor's report as part
of the court's consideration in finding Carter's plea to have been made freely and
voluntarily. 
          Further, looking at the complete record of Carter's plea hearing, we find there was
sufficient evidence of Carter's competency to stand trial. Although Carter directs us to
several instances in the record where his responses to the trial court's questions were
confusing, we find, after viewing these exchanges in context, that Carter entered his plea
voluntarily. 
          In response to the court's questions, Carter told the court his age, that he had
attained "a diploma" from school, and that he had no history of insanity or of being under
psychiatric care. Trial counsel advised the court he had known Carter about four months
and had no indication Carter had any mental defects. He further stated, "I would point out
to the Court that we had a Dr. Brown examine [Carter] for competency and found him to
be competent to stand trial." Carter did not equivocate when the trial court asked how he
pled to the charge of indecency with a child; he answered, "Guilty, sir." He was equally
clear and direct in responses to the trial court's questions and admonishments concerning
the range of punishment and the fact he would have to register as a sex offender for the
rest of his life. Carter acknowledged signing the stipulation of evidence, pointing out to the
trial court where his signature could be found on the page. 
          Carter calls to our attention, however, that, in response to the trial court's question
concerning whether he had an opportunity to ask his attorney questions regarding the
stipulation's consequences, his response was, "To a point, yes, I did." He contends this
response points to a lack of competency or cognition of his situation. Nonetheless, when
the trial court asked if there was anything Carter wanted to ask his lawyer that he had not
been able to ask previously, Carter replied, "No." 
          Carter also points to his answers to the trial court's questions in the following
colloquy as illustrating his "bizarre" answers and showing that he was "mentally off in some
other reality": 
THE COURT: Anybody promised you any hope of a reward, the
delusion of a pardon or any form of leniency causing you to come in here
and plead guilty?
 
[Carter]: Well, at first -- when I first came to court to begin with, yes,
I was granted a pardon to begin with, but -- 
 
THE COURT: What?
 
[Carter]: That was when my mom came down here the first time to
the court, but I don't know.

          However confusing these responses were, Carter's responses to the court's
follow-up—and more direct—questions were appropriate:
THE COURT: The question is, has anybody promised you anything
to get you to plead guilty to Count II of this indictment?
 
[Carter]: No.
 
THE COURT: Has anyone threatened you?
 
[Carter]: No. 
 
THE COURT: Put any pressure on you?
 
[Carter]: No.
 
THE COURT: Is your lawyer making you do something you don't want
to do?
 
[Carter]: No.

          When viewed in the totality of the court's admonitions, we find no evidence that
Carter lacked either sufficient present ability to consult with his attorney, or a rational and
factual understanding of the proceedings. We find the trial court did not err in finding that
Carter entered his plea voluntarily and in accepting such plea. Carter's second point of
error is overruled.
Ineffective Assistance of Counsel
          Carter contends his trial counsel was constitutionally ineffective for failing to raise
potentially mitigating evidence to the jury showing Carter's alleged mental deficiencies. 
          The standard of testing claims of ineffective assistance of counsel is set out in
Strickland v. Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional
claims in Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on
this claim, an appellant must prove by a preponderance of the evidence (1) that counsel's
representation fell below an objective standard of reasonableness and (2) that the deficient
performance prejudiced the appellant's defense. Strickland, 466 U.S. at 687; Rosales v.
State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, the appellant must
prove that his or her attorney's representation fell below the standard of prevailing
professional norms and that there is a reasonable probability that, but for such attorney's
deficiency, the result of the trial would have been different. Tong v. State, 25 S.W.3d 707,
712 (Tex. Crim. App. 2000). Under this standard, a claimant must prove that counsel's
representation so undermined the proper functioning of the adversarial process that the
trial cannot be relied on as having produced a just result. Strickland, 466 U.S. at 686. 
          Our review of counsel's representation is highly deferential; we indulge a strong
presumption that counsel's conduct falls within a wide range of reasonable representation. 
Strickland, 466 U.S. at 689; Tong, 25 S.W.3d at 712. This Court will not second-guess
through hindsight the strategy of counsel at trial, nor will the fact that another attorney
might have pursued a different course support a finding of ineffectiveness. Blott v. State,
588 S.W.2d 588, 592 (Tex. Crim. App. 1979). That another attorney, including appellant's
counsel on appeal, might have pursued a different course of action does not necessarily
indicate ineffective assistance. Harner v. State, 997 S.W.2d 695, 704 (Tex.
App.—Texarkana 1999, no pet.). Any allegation of ineffectiveness must be firmly founded
in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
          The two-pronged test of Strickland applies to guilty pleas. Hill v. Lockhart, 474 U.S.
52, 58 (1985); Ex parte Pool, 738 S.W.2d 285, 286 (Tex. Crim. App. 1987). The
voluntariness of the plea depends (1) on whether counsel's advice was within the range
of competence demanded of attorneys in criminal cases, and if not, (2) whether there is
a reasonable probability that, but for counsel's errors, appellant would not have entered his
or her plea and would have insisted on going to trial. Hill, 474 U.S. at 59; Ex parte Morrow,
952 S.W.2d 530, 536 (Tex. Crim. App. 1997).
          Although Carter filed a motion for new trial, he did not pursue it to hearing, and the
motion was overruled by operation of law. Accordingly, there is no evidence regarding plea
negotiations or trial counsel's strategy. When ineffective assistance is raised on direct
appeal, appellate counsel and the court must proceed on a trial record not developed for
the object of litigating or preserving the claim and thus often incomplete or inadequate for
this purpose. Freeman v. State, 125 S.W.3d 505, 506 (Tex. Crim. App. 2003). It is true
some claims may be disposed on direct appeal where "trial counsel's ineffectiveness is so
apparent from the record." Massaro v. United States, 538 U.S. 500, 508 (2003); Freeman,
125 S.W.3d at 507. 
          This Court has held that counsel need not undertake the same magnitude of
independent factual investigation when the defendant knowingly and voluntarily pleads
guilty to the alleged offense as would be required in a contested proceeding. Toupal v.
State, 926 S.W.2d 606, 608 (Tex. App.—Texarkana 1996, no pet.). As noted above, trial
counsel had worked with Carter on this case for at least four months. The indictment
against Carter initially charged him with one count of aggravated sexual assault of a child
and three counts of indecency with a child by contact. The charges against him therefore
went from a four count indictment, where one of those counts was a first degree felony, to
a single count of a second degree felony. Carter was sentenced to the maximum penalty
for a second degree felony, but he faced the possibility of life in prison had he been tried
and convicted for all the charges in the original indictment. In light of the report from the
court-appointed physician who evaluated Carter and found him competent to stand trial,
and the absence of any evidence in the record establishing that Carter actually has a
mental deficiency, we cannot say trial counsel was ineffective. This point of error is
overruled.
Eighth Amendment Violation
          Carter complains his sentence of twenty years' imprisonment and fine of $10,000.00
violates the prohibition of cruel and unusual punishment in the United States Constitution's
Eighth Amendment. Carter did not present this issue to the trial court; therefore, he did not
preserve it for our review. See Tex. R. App. P. 33.1(a); Jackson v. State, 989 S.W.2d 842,
844 (Tex. App.—Texarkana 1999, no pet.).



Constitutionality of Rules
          Finally, Carter complains that the Rules of Appellate Procedure and the time limits
created thereby violate his rights under the United States and Texas Constitutions. Carter
argues that, under the deadlines created by Tex. R. App. P. 35.2, it is possible that an
appellate counsel will not have the reporter's record of the trial in time to review that
record—and evaluate the effectiveness of trial counsel—before the deadline to argue a
motion for new trial. 
          Carter claims that, under the Texas Court of Criminal Appeals' holding in Ex parte
Townsend,


 he is forced to bring his claim of ineffectiveness on direct appeal despite not
having insight into trial counsel's strategies and thinking. According to Carter's reading of
Townsend, any claim not brought on direct appeal is precluded from presentation on
habeas corpus review. This is not totally correct. Townsend does not stand for the
proposition that a claim of ineffective assistance of counsel must always be raised on direct
appeal to preserve that claim for potential review on an application for habeas corpus. In
Townsend, the petitioner raised, for the first time on his application for habeas relief, that
the trial court erred in cumulating or "stacking" his sentence following a revocation of
community supervision with his subsequent sentence for murder. Townsend, 137 S.W.3d
at 80. The Texas Court of Criminal Appeals held Townsend could have raised this issue
on direct appeal, and by first raising it on habeas review, had waived the claim. Id. at
81–82. 
          There is a long line of cases reviewing counsel's effectiveness on habeas
application where the same has not been made on direct appeal; in fact, the Texas Court
of Criminal Appeals has consistently stated such is the preferred chronology for reviewing
such claims.


 After Townsend, the Texas Court of Criminal Appeals addressed a claim of
ineffective assistance on habeas review even though that claim had not been raised on
direct appeal. Ex parte White, Nos. 74,757 & 74,758, 2004 Tex. Crim. App. LEXIS 1612
(Tex. Crim. App. Sept. 29, 2004). Additionally, this Court has not hesitated to find
constitutionally ineffective assistance of counsel on direct appeal where the record before
us supports such a holding. See Hall v. State, No. 06-03-00253-CR, 2005 Tex. App.
LEXIS 508 (Tex. App.—Texarkana Jan. 25, 2005, no pet. h.). 
          In this case, Townsend may require that Carter's claim of ineffective assistance be
raised first on direct appeal. But in light of the Texas Court of Criminal Appeals' willingness
to consider such claims for the first time on collateral review even where not raised on
direct appeal, we do not find the Texas Rules of Appellate Procedure to have the
debilitating effect argued by Carter.


 This point of error is overruled.
Conclusion
          We affirm the judgment.

                                                                           Donald R. Ross
                                                                           Justice
 
Date Submitted:      October 13, 2005
Date Decided:         April 12, 2005

Do Not Publish