Opinion filed January 11, 2007


















 
 
  
 
 







 
 
  
 
 




Opinion filed January 11, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00103-CR 

                                                     __________

 

                       RAYMOND
FRANCIS POLLONE, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                  On Appeal from the 29th District Court

 

                                                      Palo Pinto County, Texas

 

                                                   Trial
Court Cause No. 12,544

 



 

                                                                   O
P I N I O N

 

Raymond Francis Pollone, Jr. pleaded guilty to
aggravated sexual assault of a child.  See
Tex. Pen. Code Ann. ' 22.021(a)(1)(B) (Vernon Supp. 2006).  Appellant, thirty years old, confessed to
penetrating the vagina of the twelve-year-old child with his sexual organ on
three occasions and stated that he slept with her in a motel room on a fourth
occasion.  The jury assessed his
punishment at fifty years confinement.








In appellant=s
first point of error, he argues that only evidence of the act charged in the
indictment should have been admitted because the other acts referred to in his
confession were not proved beyond a reasonable doubt.  In his second point of error, he argues that
the district attorney failed to respond to his request for notice of intent to
offer evidence of extraneous conduct; thus, evidence of the other acts referred
to in his statement should not have been admitted.  And in his last point of error, appellant contends
that the evidence was legally insufficient to show that the aggravated sexual
assault occurred in Palo
 Pinto County.  We affirm.

Background Facts

Appellant, a married man, became involved with
N.W., a friend of his daughter.  After
his arrest, appellant signed a written confession that graphically described
his actions with N.W.  For example, he
described the first incident as follows:

I
don=t remember the exact date but I believe
the first incident was in February.  I
don=t remember what time it was but I
remember that it was dark. [N.W.] and I were riding around town in my chevy
blazor [sic].  We ended up out on Fort Walter
[sic] Base by the old swimming pool.  We
parked and talked for a while.  We both
together started kissing and touching each other.  I touched her breast and vagina while [N.W.]
touched my penis.  We both took pulled
[sic] our pants down.  I put on a condom
while [N.W.] watched.  I was sitting in
the driver=s seat.
[N.W.] sat on my lap.  I placed my penis
inside her vagina and we engaged in sex. 
The sexual encounter lasted until we both had an orgasm.  When we finished I took the condom off and
threw it in a trash can.

 

In his written statement, appellant described the
next two sexual encounters in similar terms: 
they engaged in sex by the old swimming pool again in February and they
engaged in sex in March at his workplace located at 822 Division Loop on Fort Wolters Base.  Appellant stated that the last incident
occurred on April 23, 2004, after he had picked up N.W. and two other children
who had  attended a birthday party for
appellant=s
daughter.  When they stopped at Wal-Mart,
N.W. asked him  to buy some condoms.  Appellant stated that he rented Room 110 at
the Executive Inn and that the four of them stayed overnight there.  N.W. was in bed with appellant.  Appellant stated that he and N.W. kissed and
that he then went to sleep.  As appellant
drove the children to their respective homes the next day, they encountered
N.W.=s
grandmother who got into appellant=s
car with them.  When they arrived at
appellant=s house,
the grandmother accused appellant of  Adoing something with [N.W.]@ and hit appellant with a closed fist.

In his guilty plea memorandum, appellant waived Aany and all rights secured the
Defendant by law, whether of substance or of procedure, and state[d] that any
error which may have been committed is harmless at the guilt/innocence stage of
the trial.@








Points of Error Nos. 1 and 2

Appellant was indicted in Cause No. 12,544 for the
alleged offense of aggravated sexual assault of a child in Palo Pinto County on or about March 23, 2004.  The other three instances referred to in his
confession were the subjects of three other indictments: Cause Nos. 12,542,
12,543, and 12,545.  The same trial
lawyer represented appellant in all four cases. 
The trial court held a  hearing
before the trial to determine the voluntariness and admissibility of appellant=s confession.  See Jackson
v. Denno, 378 U.S.
368, 376-77, 392-93 (1964).  The trial
court found that appellant had freely and voluntarily made his statement and that
the statement would be admissible in all four cases against appellant.

Appellant claims in his second point of error that
the district attorney did not respond to his request for notice of intent to
offer extraneous conduct, crimes, or bad acts. 
Because the district attorney did not respond, appellant argues that the
other acts referred to in his written statement should not have been allowed
into evidence.  However, appellant did
not make this objection at trial.  In
order for us to consider his complaint on appeal, the record must show that
appellant preserved his complaint by a timely request, objection, or motion and
that he obtained a ruling from the trial court. 
See Tex. R. App. P. 33.1(a);
Hull v. State, 67 S.W.3d 215, 217
(Tex. Crim.
App. 2002).  

A court may admit evidence at punishment of
extraneous offenses or bad acts.  Tex. Code Crim. Proc. Ann. art. 37.07,
' 3(a) (Vernon 2006).  Under Tex.
Code Crim. Proc. Ann. art. 37.03, '
3(g) (Vernon 2006), a defendant can discover if the State intends to offer this
type of evidence.  Here the State failed
to respond to appellant=s
request.  But appellant knew of the
offenses since he described them in his statement, his attorney for all four
indictments against him had received a copy of the statement a month before
trial, the State referred to all four incidents in its opening statement
without objection, and appellant did not object to the evidence of the
extraneous offenses.  Appellant=s second point of error is
overruled.         

In appellant=s
first point of error, he argues that the other three acts referred to in his
confession were not proved beyond a reasonable doubt.  We disagree. 
In addition to his confession, appellant=s
own witnesses confirmed that he had acknowledged his guilt of the acts referred
to in his confession.








Appellant=s
trial strategy was to show that he had taken responsibility for his acts and
then to demonstrate to the jury that he was capable of being
rehabilitated.  Appellant did not have a
record of other crimes.  In his opening
statement, appellant=s
attorney laid the groundwork for appellant=s
strategy:

You won=t
hear from [N.W.] on the stand today and the reason you won=t hear from her is because my client
pled guilty.  He did that of his own free
will, of his own choice.  He did that in
an effort to spare the young girl, in an effort to speed up this process, in an
effort to admit to what he had done.  He
confessed to what he had done in his statements that you=ll
hear about in this case.  He admitted it,
he owned up to what he had done.  He owned
up to making a mistake.

 

Appellant called Ted Oliver, pastor of Faith
Fellowship Chapel, who had been counseling appellant.  Oliver had known appellant since he was a
teenager.  Oliver testified that appellant
had Anever
denied his guilt or made excuses for it,@
that appellant regretted the pain that he had caused everybody involved, that
appellant was repentant, and that appellant had no intent of repeating those
acts.  Appellant=s
attorney asked Oliver, ASo
he has told you in the past that he was, in fact guilty?@  Oliver answered, AYes,
Sir.@  During cross-examination by the State, Oliver
stated that he understood that appellant was having sexual relationships on a
regular basis with the young girl.

Appellant also called Dr. Richard Clark Schmitz, a
clinical psychologist in Arlington.  Based on his testing of appellant, Dr.
Schmitz gave his opinion that appellant was a person who could be successfully
treated with a combination of psychotherapy, sex offender counseling, and
medication. Dr. Schmitz testified that appellant was embittered that he allowed
himself to be tempted and to have succumbed to the temptation, that appellant
was depressed and guilt ridden, and that appellant realized the hurt he
inflicted on the child.

Earlier in the trial, during the State=s case, Detective Brian Lee Boetz with
the Mineral Wells Police Department testified that N.W. told him about staying
with appellant at the Executive Inn and that she and appellant had had
intercourse at his place of employment. 
Even inadmissible hearsay testimony admitted without objection is
entitled to probative value.  Poindexter
v. State, 153 S.W.3d 402, 406 (Tex.
Crim. App. 2005).  Detective Boetz had
investigated the crime and had taken appellant=s
statement.  Detective Boetz read
appellant=s written
confession to the jury.








In his closing argument, appellant=s attorney again emphasized that his
client had confessed, pleaded guilty, and taken responsibility for his
acts.  Stating that the real question was
what should the jury do in punishing appellant, his attorney pointed out that
appellant=s family
members, friends, and other witnesses had testified as to his good
qualities.  Appellant=s counsel then made an eloquent
argument on behalf of appellant for probation or at least a shorter jail sentence.

We find that the evidence was legally and
factually sufficient to prove the extraneous offenses beyond a reasonable
doubt.  Appellant=s
first point of error is overruled.

Point of Error No. 3

In appellant=s
third point of error, he contends that there was legally insufficient evidence
to prove that the offense occurred in Palo Pinto County. 
We disagree.  Detective Boetz
testified that all four offenses B
the two by the swimming pool, the one at appellant=s
place of work, and the one at the Executive Inn B
were all in Palo Pinto County.  Appellant did not contest Detective Boetz=s testimony.[1]
In addition, a guilty plea before a jury constitutes an admission of all
elements of the offense charged.  Brinson
v. State, 570 S.W.2d 937, 938-39 (Tex. Crim. App. 1978). 

Appellant=s
attorney on appeal, who was not his trial attorney, has attached to his brief
items that purport to be a copy of a deed and copies of maps.  Appellant asks this court to take judicial
notice that the offenses occurred in Parker
County, not Palo Pinto County. 
We decline to do so.  The copy of
the deed is not in a form that would be admissible at trial.  The maps have handwritten labels (Aswimming pool@)
on them and are not in a form that would be admissible evidence.  Moreover, a judicially noticed fact must be
one that is not subject to reasonable dispute. 
Tex. R. Evid. 201.  

The testimony was legally and factually sufficient
to support a finding that the offense in this case occurred in Palo Pinto
 County.  Appellant=s
third point of error is overruled.

This Court=s
Ruling

The
judgment of the trial court is affirmed.         

 

TERRY McCALL

January 11, 2007                                                                      JUSTICE

Do not publish.  See Tex. R. App. P.  47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.











[1]Jerry Cagle, appellant=s
employer, only testified that he owned Aa
manufacturing facility out on the old Fort Wolters Base called American
Manufacturing.@