Opinion filed October 25,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00344-CR

                                                    __________

 

                           MIGUEL
JOSE HERNANDEZ, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 385th District Court

                                                          Midland
County, Texas

                                                   Trial
Court Cause No. CR36999

 



 

M E M O R A N D U M   O P I N I O N

Miguel
Jose Hernandez appeals his convictions for the offenses of murder, intoxication
manslaughter, aggravated assault causing serious bodily injury, and
unauthorized use of a motor vehicle.  The jury convicted Hernandez following
his plea of not guilty to the offense of murder and his pleas of guilty to the
offenses of intoxication manslaughter, aggravated assault causing serious
bodily injury, and unauthorized use of a motor vehicle.  These convictions all
arose from an automobile collision that Hernandez had with a vehicle in which
Robert Libenson was a passenger, a collision causing Libenson’s death. 
Hernandez contends in three points of error that (1) he cannot be convicted of
multiple offenses arising from the same transaction and receive multiple
punishments for each, (2) he cannot be convicted of all counts submitted to the
jury because that is violative of the constitutional provisions against double
jeopardy, and (3) he received ineffective assistance of counsel.  We vacate the
judgment relating to Hernandez’s conviction for the offense of intoxication
manslaughter and affirm the other three judgments.

Hernandez
urges in Point One that the trial court erred by entering judgments consisting
of multiple offenses and sentences, all arising from the same transaction. 
Multiple punishment claims can arise in two contexts:

1.      The
lesser-included offense context, in which the same conduct is punished twice;
once for the basic conduct, and a second time for that same conduct plus more .
. . ;  and

 

2.      Punishing the
same criminal act twice under two distinct statutes when the legislature
intended the conduct to be punished only once.

Bigon v.
State, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008).

            We
must first determine if intoxication manslaughter and felony murder constitute
the same offense.  Id.  When multiple punishments arise out of one
trial, the Blockburger test is the starting point in analyzing the two
offenses.  Id.; see Blockburger v. United States, 284 U.S. 299
(1932).  Under that test, two offenses are not the same if one requires proof
of an element that the other does not.  252 S.W.3d at 370.  In Texas,
when resolving whether two offenses are the same for double jeoapardy purposes,
we focus on the elements alleged in the charging instrument.  Id.

            In
the first count of the indictment, the State charged Hernandez with felony
murder.  The indictment contained the following elements: (1) Hernandez
committed or attempted to commit the felony offense of evading detention or
arrest in a motor vehicle; (2) committed or attempted to commit several acts
clearly dangerous to human life, including running a red light, operating his
motor vehicle at an excessive rate of speed, failing to keep a proper lookout,
and failing to yield the right-of-way to a motor vehicle at a highway
intersection; (3) collided with a vehicle occupied by Libenson; and (4) caused
Libenson’s death.

            The
State charged Hernandez in the second count of the indictment with intoxication
manslaughter, alleging that (1) Hernandez was intoxicated, (2) while operating
a motor vehicle in a public place, and that (3) his intoxication while driving
caused the death of Libenson, (4) by accident or mistake.  Because each offense
alleged contains elements the other does not, they are not the same offense
under the Blockburger test.  However, the Blockburger test is a
rule of statutory construction that is not the exclusive test for determining
if two offenses are the same.  Bigon, 252 S.W.3d at 370.

            A
nonexclusive list of factors that we are to consider when examining if two
offenses are the same in the context of multiple punishments include: (1)
whether the offenses are in the same statutory section; (2) whether the
offenses are phrased in the alternative; (3) whether the offenses are named
similarly; (4) whether the offenses have common punishment ranges; (5) whether
the offenses have a common focus; (6) whether the common focus tends to indicate
a single instance of conduct; (7) whether the elements that differ between the
two offenses can be considered the same under an imputed theory of liability
that would result in the two offenses being considered the same under Blockburger;
and (8) whether there is legislative history containing an articulation of an
intent to treat the offenses as the same or different for double jeopardy
purposes.  Id. at 371.  The question ultimately is whether the
legislature intended to allow the same conduct to be punished under both of the
offenses.  Id.

            In
Bigon, the court noted that murder and intoxication manslaughter used to
be in the same statutory section, but are not now.  Id.  The court
declined to find that, by moving the statute, the legislature intended to
create a completely separate offense for double jeopardy purposes.  Id.  Noting
that murder and manslaughter are both considered homicides, the court concluded
that the two offenses are similarly named.  Id.  The court also
discussed the fact that in both offenses the focus is the death of an
individual.  Id.  In the context of the focus of the two offenses, the
court said that the fact that an allowable unit of prosecution for an
assaultive offense, as defined by the legislature, is one unit per victim is
evidence that the legislature did not intend for a person to be prosecuted for
several homicides when there is only one victim.  Id. at 372.  As did
the court in Bigon, we conclude that, under the facts of this case,
felony murder is the same as intoxication manslaughter for double jeopardy
purposes.  Consequently, only one of the convictions, as between felony murder
and intoxication manslaughter, can be upheld.  Id.  In its brief, the
State cites Bigon and concludes that Hernandez “could not be convicted
in both counts.”

            When
a defendant is subjected to multiple punishments for the same conduct, the
remedy is to affirm the conviction for the most serious offense and vacate the
other convictions.  Id.  Where the punishment for the offenses differs,
the most serious offense is the offense in which the greatest sentence was
assessed.  Id. at 373.  In this case, the jury assessed Hernandez’s
punishment for murder at twenty-eight years in the Texas Department of Criminal
Justice, Institutional Division, and a fine in the amount of $10,000; it
assessed his punishment for intoxication manslaughter at twenty years in the
Texas Department of Criminal Justice, Institutional Division, and a fine in the
amount of $5,000.  Consequently, we conclude that the offense of murder is the
most serious offense.  The State does not question this outcome.

            Hernandez’s
brief could be read to suggest that his conviction for murder constitutes a
violation of his constitutional protection to be free of double jeopardy
because, relying on Brinson v. State, 570 S.W.2d 937, 938 (Tex. Crim.
App. 1978), he states that, once a “guilty” plea is entered before a jury, a
“conviction” results that is conclusive of a defendant’s guilt.  Brinson held
that a plea of guilty before a jury admits all of the elements of the offense
and is conclusive as to the defendant’s guilt.  570 S.W.2d at 938.  The
court did not hold that the mere entry of a plea of guilty to an offense before
a jury constitutes a conviction of that offense at the time the plea is
entered.

            It
is unclear whether Hernandez asserts that his convictions and punishments with
respect to the charge of aggravated assault causing serious bodily injury,
which involved the same automobile collision but a different victim, or with
respect to the charge of unauthorized use of a motor vehicle, also with a
different victim, constituted multiple punishments for double jeopardy
purposes.  In any event, using the analysis we have previously discussed, we
conclude that those charges do not constitute multiple punishments for double
jeopardy purposes.  Hernandez presents no authority or discussion
specifically suggesting that they do.  We sustain Point One in part and
overrule Point One in part.

             
Hernandez contends in Point Two that the fact that he pleaded guilty to three
of the counts in the indictment while he was found guilty on all counts was
violative of his constitutional protection against double jeopardy.  While he
has no discussion under this point, he relies upon the Fifth and Fourteenth
Amendments to the United States Constitution and the cases of Crocker v.
State, 573 S.W.2d 190, 197 (Tex. Crim. App. 1978), and McKinney v. State,
615 S.W.2d 223 (Tex. Crim. App. 1981).  We find that none of this authority
supports his position.  We hold that any error with respect to a claim of
double jeopardy will be cured by this court vacating Hernandez’s conviction of
intoxication manslaughter.  We overrule Point Two.

            Hernandez
asserts in Point Three that he did not receive effective assistance of
counsel.  He contends that it is undisputed that his attorney failed to advise
him there was a possibility that he could be convicted of both the greater
offenses as well as lesser included offenses should he persist in his guilty
pleas to the lesser included offenses charged in separate counts in the
indictment.  In order to determine whether Hernandez’s trial counsel rendered ineffective assistance,
we must first determine whether Hernandez has shown that counsel’s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel’s errors.  Wiggins v. Smith,
539 U.S. 510 (2003); Strickland v. Washington, 466 U.S. 668 (1984); Andrews v.
State, 159 S.W.3d 98 (Tex. Crim. App. 2005); Thompson v. State, 9
S.W.3d 808 (Tex. Crim. App. 1999).  We must indulge a strong presumption that
counsel’s conduct fell within the wide range of reasonable professional
assistance, and Hernandez must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. 
Strickland, 466 U.S. at 689; Tong v. State, 25 S.W.3d 707, 712
(Tex. Crim. App. 2000). Counsel is strongly presumed to have rendered
adequate assistance and made all significant decisions in the exercise of
reasonable professional judgment.  Strickland, 466 U.S. at 690.  An
allegation of ineffective
assistance must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness.  Thompson, 9
S.W.3d at 814.

            At
trial, during a discussion of the court’s charge, Hernandez’s attorney urged
the court to instruct the jury that it was not to consider the second count of
intoxication manslaughter if it found him guilty of murder beyond a reasonable
doubt.  In a statement counsel made for the record in the event the trial court
declined to give such an instruction, he stated:

And
just to make the record clear for purposes of appellate counsel on appeal, and
a possible ineffective assistance claim, I want to make sure that the record is
clear that I did not advise my client as to the possible ramifications of being
found guilty of both murder and intoxication manslaughter, of the same individual,
your Honor.

          

            As
we noted in Point One, under the facts of this case, Hernandez could not
properly have been convicted of both murder and intoxication manslaughter. 
Consequently, it was not error for his trial counsel to fail to advise him that
he could be convicted of both.  We also note that, after the trial court had
chosen not to give the instruction requested, Hernandez, after further
consultation with his counsel, elected not to withdraw his plea of guilty to
intoxication manslaughter.  Given these facts, even if counsel were in error in
initially failing to advise Hernandez that he could be convicted of both murder
and intoxication manslaughter, we conclude that there is not a reasonable
probability that the result of the proceedings would have been different but
for such an error.

            Hernandez
suggests that, had he been advised of the possibility he could be convicted and
sentenced to each count of the indictment, it cannot be said that such advice would
not have affected and impacted his decision to enter his plea of guilty to
“certain of the counts in the indictment.”  However, there is no suggestion
either by Hernandez or the record that, after the judge declared that both
counts were being presented to the jury without a conditioning instruction, his
counsel failed to advise him that the jury could not convict him of both murder
and intoxication manslaughter.  We again note that, after the judge had
announced his decision to submit both counts to the jury without any
conditioning instruction, Hernandez continued to assert his plea of guilty to
the offense of intoxication manslaughter.  We overrule Point Three.

            We vacate
the judgment convicting Hernandez of the offense of intoxication manslaughter,
and we affirm the judgments convicting Hernandez of murder, aggravated assault
causing serious bodily injury, and unauthorized use of a motor vehicle.

 

                                                                                                PER
CURIAM

 

October 25, 2012

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel[1]
consists of: Wright, C.J.,

McCall, J., and Hill.[2]









                [1]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





[2]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.