**Opinion filed October 25, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00344-CR
_____

## MIGUEL JOSE HERNANDEZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR36999**

### M E M O R A N D U M   O P I N I O N

Miguel Jose Hernandez appeals his convictions for the offenses of murder, intoxication manslaughter, aggravated assault causing serious bodily injury, and unauthorized use of a motor vehicle. The jury convicted Hernandez following his plea of not guilty to the offense of murder and his pleas of guilty to the offenses of intoxication manslaughter, aggravated assault causing serious bodily injury, and unauthorized use of a motor vehicle. These convictions all arose from an automobile collision that Hernandez had with a vehicle in which Robert Libenson was a passenger, a collision causing Libenson's death. Hernandez contends in three points of error that (1) he cannot be convicted of multiple offenses arising from the same transaction and receive multiple punishments for each, (2) he cannot be convicted of all counts submitted to the jury

because that is violative of the constitutional provisions against double jeopardy, and (3) he received ineffective assistance of counsel. We vacate the judgment relating to Hernandez's conviction for the offense of intoxication manslaughter and affirm the other three judgments.

Hernandez urges in Point One that the trial court erred by entering judgments consisting of multiple offenses and sentences, all arising from the same transaction. Multiple punishment claims can arise in two contexts:

1. The lesser-included offense context, in which the same conduct is punished twice; once for the basic conduct, and a second time for that same conduct plus more . . . ; and

2. Punishing the same criminal act twice under two distinct statutes when the legislature intended the conduct to be punished only once.

*Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008).

We must first determine if intoxication manslaughter and felony murder constitute the same offense. *Id.* When multiple punishments arise out of one trial, the *Blockburger* test is the starting point in analyzing the two offenses. *Id.*; *see Blockburger v. United States*, 284 U.S. 299 (1932). Under that test, two offenses are not the same if one requires proof of an element that the other does not. 252 S.W.3d at 370. In Texas, when resolving whether two offenses are the same for double jeoapardy purposes, we focus on the elements alleged in the charging instrument. *Id.*

In the first count of the indictment, the State charged Hernandez with felony murder. The indictment contained the following elements: (1) Hernandez committed or attempted to commit the felony offense of evading detention or arrest in a motor vehicle; (2) committed or attempted to commit several acts clearly dangerous to human life, including running a red light, operating his motor vehicle at an excessive rate of speed, failing to keep a proper lookout, and failing to yield the right-of-way to a motor vehicle at a highway intersection; (3) collided with a vehicle occupied by Libenson; and (4) caused Libenson's death.

The State charged Hernandez in the second count of the indictment with intoxication manslaughter, alleging that (1) Hernandez was intoxicated, (2) while operating a motor vehicle in a public place, and that (3) his intoxication while driving caused the death of Libenson, (4) by accident or mistake. Because each offense alleged contains elements the other does not, they are not the same offense under the *Blockburger* test. However, the *Blockburger* test is a rule of

statutory construction that is not the exclusive test for determining if two offenses are the same. *Bigon*, 252 S.W.3d at 370.

A nonexclusive list of factors that we are to consider when examining if two offenses are the same in the context of multiple punishments include: (1) whether the offenses are in the same statutory section; (2) whether the offenses are phrased in the alternative; (3) whether the offenses are named similarly; (4) whether the offenses have common punishment ranges; (5) whether the offenses have a common focus; (6) whether the common focus tends to indicate a single instance of conduct; (7) whether the elements that differ between the two offenses can be considered the same under an imputed theory of liability that would result in the two offenses being considered the same under *Blockburger*; and (8) whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double jeopardy purposes. *Id.* at 371. The question ultimately is whether the legislature intended to allow the same conduct to be punished under both of the offenses. *Id.*

In *Bigon*, the court noted that murder and intoxication manslaughter used to be in the same statutory section, but are not now. *Id.* The court declined to find that, by moving the statute, the legislature intended to create a completely separate offense for double jeopardy purposes. *Id.* Noting that murder and manslaughter are both considered homicides, the court concluded that the two offenses are similarly named. *Id.* The court also discussed the fact that in both offenses the focus is the death of an individual. *Id.* In the context of the focus of the two offenses, the court said that the fact that an allowable unit of prosecution for an assaultive offense, as defined by the legislature, is one unit per victim is evidence that the legislature did not intend for a person to be prosecuted for several homicides when there is only one victim. *Id.* at 372. As did the court in *Bigon*, we conclude that, under the facts of this case, felony murder is the same as intoxication manslaughter for double jeopardy purposes. Consequently, only one of the convictions, as between felony murder and intoxication manslaughter, can be upheld. *Id.* In its brief, the State cites *Bigon* and concludes that Hernandez "could not be convicted in both counts."

When a defendant is subjected to multiple punishments for the same conduct, the remedy is to affirm the conviction for the most serious offense and vacate the other convictions. *Id.* Where the punishment for the offenses differs, the most serious offense is the offense in which the greatest sentence was assessed. *Id.* at 373. In this case, the jury assessed Hernandez's

3

punishment for murder at twenty-eight years in the Texas Department of Criminal Justice, Institutional Division, and a fine in the amount of $10,000; it assessed his punishment for intoxication manslaughter at twenty years in the Texas Department of Criminal Justice, Institutional Division, and a fine in the amount of $5,000. Consequently, we conclude that the offense of murder is the most serious offense. The State does not question this outcome.

Hernandez's brief could be read to suggest that his conviction for murder constitutes a violation of his constitutional protection to be free of double jeopardy because, relying on *Brinson v. State*, 570 S.W.2d 937, 938 (Tex. Crim. App. 1978), he states that, once a "guilty" plea is entered before a jury, a "conviction" results that is conclusive of a defendant's guilt. *Brinson* held that a plea of guilty before a jury admits all of the elements of the offense and is conclusive as to the defendant's guilt. 570 S.W.2d at 938. The court did not hold that the mere entry of a plea of guilty to an offense before a jury constitutes a conviction of that offense at the time the plea is entered.

It is unclear whether Hernandez asserts that his convictions and punishments with respect to the charge of aggravated assault causing serious bodily injury, which involved the same automobile collision but a different victim, or with respect to the charge of unauthorized use of a motor vehicle, also with a different victim, constituted multiple punishments for double jeopardy purposes. In any event, using the analysis we have previously discussed, we conclude that those charges do not constitute multiple punishments for double jeopardy purposes. Hernandez presents no authority or discussion specifically suggesting that they do. We sustain Point One in part and overrule Point One in part.

Hernandez contends in Point Two that the fact that he pleaded guilty to three of the counts in the indictment while he was found guilty on all counts was violative of his constitutional protection against double jeopardy. While he has no discussion under this point, he relies upon the Fifth and Fourteenth Amendments to the United States Constitution and the cases of *Crocker v. State*, 573 S.W.2d 190, 197 (Tex. Crim. App. 1978), and *McKinney v. State*, 615 S.W.2d 223 (Tex. Crim. App. 1981). We find that none of this authority supports his position. We hold that any error with respect to a claim of double jeopardy will be cured by this court vacating Hernandez's conviction of intoxication manslaughter. We overrule Point Two.

Hernandez asserts in Point Three that he did not receive effective assistance of counsel. He contends that it is undisputed that his attorney failed to advise him there was a possibility that

he could be convicted of both the greater offenses as well as lesser included offenses should he persist in his guilty pleas to the lesser included offenses charged in separate counts in the indictment. In order to determine whether Hernandez's trial counsel rendered ineffective assistance, we must first determine whether Hernandez has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland v. Washington*, 466 U.S. 668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Hernandez must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690. An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814.

At trial, during a discussion of the court's charge, Hernandez's attorney urged the court to instruct the jury that it was not to consider the second count of intoxication manslaughter if it found him guilty of murder beyond a reasonable doubt. In a statement counsel made for the record in the event the trial court declined to give such an instruction, he stated:

> And just to make the record clear for purposes of appellate counsel on appeal, and a possible ineffective assistance claim, I want to make sure that the record is clear that I did not advise my client as to the possible ramifications of being found guilty of both murder and intoxication manslaughter, of the same individual, your Honor.

As we noted in Point One, under the facts of this case, Hernandez could not properly have been convicted of both murder and intoxication manslaughter. Consequently, it was not error for his trial counsel to fail to advise him that he could be convicted of both. We also note that, after the trial court had chosen not to give the instruction requested, Hernandez, after further consultation with his counsel, elected not to withdraw his plea of guilty to intoxication manslaughter. Given these facts, even if counsel were in error in initially failing to advise Hernandez that he could be convicted of both murder and intoxication manslaughter, we

5

conclude that there is not a reasonable probability that the result of the proceedings would have been different but for such an error.

Hernandez suggests that, had he been advised of the possibility he could be convicted and sentenced to each count of the indictment, it cannot be said that such advice would not have affected and impacted his decision to enter his plea of guilty to "certain of the counts in the indictment." However, there is no suggestion either by Hernandez or the record that, after the judge declared that both counts were being presented to the jury without a conditioning instruction, his counsel failed to advise him that the jury could not convict him of both murder and intoxication manslaughter. We again note that, after the judge had announced his decision to submit both counts to the jury without any conditioning instruction, Hernandez continued to assert his plea of guilty to the offense of intoxication manslaughter. We overrule Point Three.

We vacate the judgment convicting Hernandez of the offense of intoxication manslaughter, and we affirm the judgments convicting Hernandez of murder, aggravated assault causing serious bodily injury, and unauthorized use of a motor vehicle.

PER CURIAM

October 25, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill.[2]

---

[1]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[2]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.